*1056,51*

Stuart A. Krause, Esq. (SAK-3847)
Kenneth C. Rudd, Esq. (KR-6342)
ZEICHNER ELLMAN & KRAUSE LLP
575 Lexington Avenue
New York, New York 10022
(212) 223-0400

Attorneys for Defendant
  Banc of America Securities LLC

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/23/2006
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WAYNE WURTSBAUGH, PETRUS VAN ZYL, JACK L. DIXON, INDIVIDUALLY AND AS TRUSTEE OF THE JACK LEE DIXON FAMILY TRUST, and GEORGE A. PELLETIER,

    Plaintiffs,

- v -

BANC OF AMERICA SECURITIES LLC,

    Defendant.

Case No.: 05 CV 6220 (DLC)

**STIPULATION AND ORDER OF CONFIDENTIALITY**

---

WHEREAS, defendant Banc of America Securities LLC ("BAS") has requested or may request that plaintiffs produce certain documents and/or provide certain information in their possession and control ("BAS's Requests") and plaintiffs have requested or may request that BAS produce certain documents and/or provide certain information in its custody and control ("Plaintiffs' Requests");

WHEREAS, BAS objects to Plaintiffs' Requests and plaintiffs object to BAS's Requests to the extent said requests seek production of certain documents

containing, inter alia, certain trade secrets and proprietary commercial information of BAS and plaintiffs ("Confidential Information");

WHEREAS, the dissemination of Confidential Information to persons other than the parties or counsel of record for the parties in this action may cause BAS and/or plaintiffs substantial injury and potential competitive disadvantage;

WHEREAS, BAS believes the dissemination of certain Confidential Information to persons other than counsel of record for plaintiffs and plaintiffs' experts (who agree to this stipulation) may cause BAS substantial injury and potential competitive disadvantage ("Confidential Attorneys' Eyes Only Information"); and

WHEREAS, the parties wish to maintain the confidentiality of said Confidential Information and Confidential Attorneys' Eyes Only Information, where appropriate;

NOW, THEREFORE, it is stipulated and agreed as follows:

1. Until further written agreement by the Parties to this action or order of the Court, the dissemination of all information disclosed by any signatory to this Stipulation and Order of Confidentiality ("Stipulation and Order") to any signatory to this Stipulation and Order, or the agent or employee of any signatory to this Stipulation and Order, during the course of the action, shall be governed by this Stipulation and Order.

2

2. All Confidential Information produced by any party shall be stamped or marked or otherwise designated, "Confidential" or "Confidential Attorneys' Eyes Only" (as set forth herein).

3. Any party may designate, at the time of production, any document, portion of a document, or other discoverable information as "Confidential" or "Confidential Attorneys' Eyes Only." Similarly, any party may designate a deposition or any part of a deposition as "Confidential" if it contains, discusses or otherwise discloses Confidential Information. Similarly, any party may designate a deposition or any part of a deposition as "Confidential Attorneys' Eyes Only" if it contains, discusses or otherwise discloses Confidential Attorneys' Eyes Only Information.

4. If any party produces any Confidential Information or Confidential Attorneys' Eyes Only Information without the appropriate designation, that party may furnish a substitute copy properly designated along with written notice to all parties that such information is deemed Confidential or Confidential Attorneys' Eyes Only. No penalty shall be imposed upon a receiving party who has disclosed a document that is subsequently designated by the producing party as Confidential or Confidential Attorneys' Eyes Only if the disclosure predates such designation.

5. A party receiving Confidential Information designated as Confidential produced by another party shall not use such information for any purpose

other than participation in the above-captioned action, and shall not disclose such information to any person, except:

 (a) the Court (including court stenographers and such other court personnel as appropriate) pursuant to the procedures set forth in paragraph 12 below;

 (b) the party receiving such Confidential Information, but only to the extent necessary for purposes of this litigation;

 (c) in-house and outside counsel to the party receiving such confidential information (including paralegals, secretaries and other support staff);

 (d) experts or consultants retained by the party or counsel in connection with this action;

 (e) court reporters / videographers retained to record depositions;

 (f) non-party deposition witnesses to the extent allowed by paragraph 11 below; and

 (g) anyone else whom all parties agree in writing may be shown such Confidential Information.

4

6. A party receiving Confidential Information designated as Confidential Attorneys' Eyes Only produced by another party shall not use such information for any purpose other than participation in the above-captioned action, and shall not disclose such information to any person, except:

    (a) the Court (including court stenographers and other such court personnel as appropriate) pursuant to the procedures set forth in paragraph 12 below;

    (b) in-house and outside counsel to the party receiving such confidential information (including paralegals, secretaries and other support staff);

    (c) experts or consultants retained by the party or counsel in connection with this action;

    (d) court reporters / videographers retained to record depositions;

    (e) non-party deposition witnesses to the extent allowed by paragraph 11 below; and

    (f) such other persons as disclosed and agreed to in advance by all parties to this Stipulation and Order in writing.

7. A party may show and provide copies of Confidential Information designated as Confidential by another party to persons authorized pursuant

to paragraph 5(d) or 6(c) provided that: (a) such persons read this Stipulation and Order and consent in writing to be bound by its terms by signing a certification in the form attached hereto (the "Certification") and (b) such party's counsel deliver copies of such signed Certification to counsel for such other party no later than the time of any expert disclosure, or for non-testifying experts or consultants, 15 days after termination of litigation.

8. Persons described in paragraph 7 bound by this Stipulation and Order, may not provide copies of or disclose such Confidential Information to any individual or entity. Said persons may not possess Confidential Information in any form after the determination of this action on the merits and shall destroy or return all such Confidential Information to counsel no later than 15 days after the determination of this action on the merits.

9. All portions of deposition transcripts in which Confidential Information is disclosed shall, upon request of the party that previously designated the Confidential Information or is seeking to designate testimony as Confidential Information, be marked as confidential in the same manner as set forth in paragraph 2, supra, and will be maintained in a separately bound transcript.

10. The designation of any portion of any deposition testimony as "Confidential" or "Confidential Attorneys' Eyes Only" shall be made at the deposition or, if not made at the deposition, within ten business days after receipt of the transcript, by marking or stamping the relevant pages and lines of the deposition transcript as

6

"Confidential" or "Confidential Attorneys' Eyes Only" and sending copies to all parties and the court reporter, or by sending a written notice to all parties listing the pages of the deposition transcript to be designated as "Confidential" or "Confidential Attorneys' Eyes Only."

11. In the event that any party wishes to show Confidential Information to a non-party witness or Confidential Attorneys' Eyes Only Information to a party or non-party witness at a deposition or to question a such witness concerning such information at a deposition, they shall so advise counsel for the party that produced such information no later than seven days prior to the deposition. If counsel for the party that produced such information objects to the use of such information at the deposition, no such Information may be revealed to the non-party witness, pending an agreement by counsel or a Court order.

12. In any submission to the Court, every document, memorandum, brief, deposition transcript, or other item containing Confidential Information or a description thereof shall bear the appropriate legend described in paragraph 2, *supra*, on the cover page and shall be filed with the Clerk of the Court under seal and shall not be available for inspection, except by the Court and counsel of record.

13. If a party to whom material designated Confidential or Confidential Attorneys' Eyes Only is produced wishes to challenge the designation, the party making the challenge must do so by writing to counsel for the party that so designated the information identifying the material being challenged by bates number

7

(or otherwise with particularity) and the grounds for the challenge. Within five business days of receiving that writing (or such longer time as the parties may agree), the producing party shall respond in writing to the challenging party, setting forth the grounds for the designation. If the Parties fail to resolve their disagreement as to the designation of materials, then the challenging party may then move the Court to enter an order compelling the lifting of such designation. Until the Court rules on such motion, the information, documents or portions of documents designated Confidential or Confidential Attorneys' Eyes Only shall retain their designated status. If no such motion is filed, the information, documents or portions of documents subject to the challenge shall retain their designation. If such motion is filed, the challenged materials shall retain their confidential status under this Stipulation and Order until the Court rules on the motion. The designating party shall bear the burden of establishing that information should be so designated.

14. Nothing contained herein shall limit or be deemed to prejudice or waive the right of any party or non-party to seek relief at any time from any of the provisions of this Stipulation and Order in general or as applied to any particular document, item of material or piece of information, or to seek greater protections than are afforded by this Stipulation and Order in appropriate circumstances. Notwithstanding the foregoing, it is expressly understood, agreed and ordered that all materials produced by the parties herein and designated as Confidential or Confidential Attorneys' Eyes Only shall be for use in the litigation of this action only.

15. Nothing contained herein shall impose any restrictions on the use or disclosure by or to a party or witness of documents or information obtained or obtainable lawfully by such party or witness independently of the discovery proceedings in this litigation, whether or not such documents or information are also obtained through discovery proceedings in this litigation.

16. If a party receives a subpoena or a request from any person or entity for the production of Confidential Information, to the extent permitted by law, the party shall notify the party that produced the designated material in this litigation of the subpoena or request, in writing, within five business days of receipt, to allow the producing party the opportunity to object or respond to the request or subpoena.

17. Nothing contained in this Stipulation and Order and no action taken pursuant to it shall prejudice the right of any signatory to contest the alleged relevancy, admissibility or discoverability of the Confidential Information sought.

18. Any disclosure of Confidential Information at trial or in any other proceeding in these actions shall be made in camera unless the Court orders otherwise. Counsel for the party that designated information as Confidential or Confidential Attorneys' Eyes' Only shall be provided not less than seven days advance written notice should anyone seek to disclose Confidential Information at trial (except in camera) or in any other proceeding in this action. Counsel for the party designating the information as Confidential or Confidential Attorneys' Eyes Only shall have the right to be heard by the Court on the issue of such disclosure of the information.

19. Within 15 days of the termination of this action (including any and all appeals that may be permitted by law therefrom), any party that has received information designated as Confidential or Confidential Attorneys' Eyes Only by another party will destroy or return to counsel all copies of any Confidential Information together with a written representation that they have or know of no other copies of such Confidential Information provided however that parties may retain copies of any Confidential Information contained in any work product or court submissions including declarations or affidavits, exhibits thereto, and memoranda of law. Such persons shall not disclose such information except pursuant to this Stipulation and Order or agreement with the party producing such Confidential Information.

20. All persons not referred to in the previous paragraph, but bound by this Stipulation and Order shall, within 15 days of the termination of this action, exclusive of any and all appeals that may be permitted by law therefrom, destroy or return all Confidential Information in their possession to counsel for the party that produced such Confidential Information, together with a representation that there is no Confidential Information or documents containing Confidential Information in his possession.

21. Any person bound by this Stipulation and Order shall be liable for the unauthorized dissemination of Confidential Information, or for any breach of the terms of this Stipulation and Order, by such person; and further, such persons hereby

waive any opposition to the granting of any injunctive relief as is necessary to remedy the breach of this Stipulation and Order.

22. This Stipulation and Order may be signed in counterparts. This Stipulation and Order shall be binding upon counsel for the parties upon their execution of the Stipulation and Order regardless of whether this Stipulation and Order is "so ordered" by the Court.

23. All duties and obligations imposed by this Stipulation and Order shall be deemed to survive the termination of this action, and the Court shall maintain continuing jurisdiction with respect to this Stipulation and Order.

Dated: New York, New York
      October 19, 2006

KORNSTEIN VEISZ WEXLER &
POLLARD, LLP

By: _____
Daniel J. Kornstein (DK 3264)
Daniel A. Cohen (DC 8719)
Attorney for Plaintiffs
757 Third Avenue
New York, New York 10017
(212) 418-8600

ZEICHNER ELLMAN & KRAUSE LLP

By: _____
Stuart A. Krause (SK 3847)
Kenneth C. Rudd (KR 6342)
Attorneys for Defendant
   Banc of America Securities LLC
575 Lexington Avenue
New York, New York 10022
(212) 223-0400

*Subject to revision,*
*So ordered:*
*[signature] Denise Cote*
*U.S.D.J. 23, 2006*

11